UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER GRAVES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14CV1823 RLW ) |
| DELUXE CORPORATION, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Proposed Scheduling Plan ("JSP") (ECF No. 16). This case is a putative class action where Plaintiff alleges that she and a proposed class of Missouri residents were charged "excessive, deceptive, unfair and unethical delivery fees for new and replacement personal checks by Defendant during the five-year period before the filing of the Complaint and continuing until the date of class certification." (ECF No. 16 at 1; *see also* ECF No. 3, *passim*). In the JSP, the parties note that Defendant Deluxe Corporation has filed a Motion for Summary Judgment. *See* ECF No. 10. The parties disagree regarding whether discovery should proceed. Plaintiff believes that discovery should proceed unless and until Defendant files a motion to stay discovery, which would be briefed by the parties and considered by the Court. (ECF No. 16 at 3). In turn, Defendant asserts that discovery should not proceed until the Court rules on Defendant's summary judgment motion because the motion presents a pure question of law. (ECF No. 16 at 6). Defendant further requests that the Court rule on Defendant's dispositive motion prior to resolving class certification issues. (ECF No. 16 at 5).

The Court believes that its resources would be best utilized by ruling on Defendant's dispositive motion prior to class certification and prior to entering a case management order. "[C]ourts have considered a defendant's dispositive motion prior to resolving class certification

- 1 -

issues where such consideration will not prejudice the parties and 'an initial ruling on the merits of a claim would protect the parties from needless and costly further litigation.'" *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368 (D. Minn. 2013) (quoting *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009)). Further, the Court believes that entering a Case Management Order at this time would be futile because all of the dates would be dependent upon a ruling on Defendant's Motion for Summary Judgment. The Court, therefore, will continue the Rule 16 conference until it rules on Defendant's Motion for Summary Judgment. Although the parties seem to agree that Defendant's Motion for Summary Judgment presents an issue of law only, Plaintiff can file a motion pursuant to Fed.R.Civ.P. 56(d) if she believes any discovery is necessary to respond to Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Rule 16 conference, previously set for January 14, 2015, is **CANCELED**. The Court will hold a Rule 16 conference with the parties after it rules on Defendant's Motion for Summary Judgment, if necessary.

Dated this 8th day of January, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE