UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER GRAVES, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1823 RLW |
| | ) |
| v. | ) |
| | ) |
| DELUXE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendant Deluxe Corporation's Motion for Summary Judgment (ECF No. 10), Plaintiff's Motion to Strike Declaration of Guy Becker and Incorporated Memorandum in Support (ECF No. 20), Plaintiff's Rule 56(d) Motion and Incorporated Memorandum to Open Discovery, Take the Deposition of Defendant's Compliance Officer George Lawton, and Stay the Court's Ruling on Defendant's Motion for Summary Judgment (ECF No. 28), and Plaintiff's Motion to Consolidate Cases (ECF No. 31). These matters are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Jennifer Graves ("Graves") alleges that she purchased checks from Deluxe Corporation ("Deluxe") for personal, family or household purposes and was illegally overcharged a fee for delivery. (Petition, ECF No. 3, ¶30).

On September 24, 2014, Graves filed a Petition against Deluxe (hereinafter, the "*Graves* Action"). Graves' Petition alleges three claims: Count I for violation of the Missouri Merchandising Practices Act ("MMPA"); Count II for money had and received; and Count III for unjust enrichment. On October 28, 2014, Deluxe removed this action to this Court. (ECF

No. 1). On November 26, 2014, Deluxe filed its Answer and Affirmative Defenses to Graves' Petition. (ECF No. 9) Shortly thereafter, on December 3, 2014, Deluxe filed its motion for summary judgment as to all of Graves' claims. (ECF No. 10). Deluxe's motion for summary judgment is fully briefed.

On March 24, 2015, Kay Catlin ("Catlin") filed a nationwide class action Complaint (except for Missouri) against Deluxe, which alleges claims under the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. ("ICFA") and consumer protection statutes of other states (Count I) and for unjust enrichment (Count II). *See Catlin v. Deluxe Corporation*, 4:15cv522 (hereinafter the "*Catlin* Action").

On March 25, 2015, Plaintiffs Graves and Catlin filed a motion to consolidate both cases (ECF No. 31).

## **DISCUSSION**

### I. Motion for Discovery under Fed.R.Civ.P. 56(d)

Fed.R.Civ.P. 56(d) provides the procedure for a nonmovant who is unable to "present facts essential to justify its opposition." In Graves' Rule 56(d) motion, she seeks leave to take the deposition of Deluxe's compliance officer, George Lawton, who was the chair of the Direct Marketing Association (DMA) Ethics Policy Committee in 2014. Graves asks the Court to grant her Rule 56(d) motion to allow her to take the deposition of Mr. Lawton to determine the basis of the DMA Ethical Guidelines which prohibit direct marketers from profiting on delivery charges. (ECF No. 28 at 3). Graves argues that the MMPA's prohibition against unfair practices in Mo.Rev.Stat. §407.020.1[1] and the Attorney General's regulation on unfair practices[2] imposed a

---

[1] Mo.Rev.Stat. §407.020.1 provides "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or

duty on Deluxe to act ethically. Graves further contends that the DMA Ethical Guidelines support the conclusion that Deluxe breached its duty to act ethically by defining those ethical practices. Graves maintains that she should be permitted to conduct discovery related to that ethical obligation and duty.

In response, Deluxe argues that Graves' Rule 56(d) motion is untimely because Deluxe's Motion for Summary Judgment is fully briefed and Graves previously stated that "there is no need for Plaintiff to take discovery." (ECF No. 29 at 1 (citing ECF No. 18 at 9)). Deluxe also contends that the proposed discovery would have no bearing on the legal basis of Deluxe's motion for summary judgment. (ECF No. 29 at 2). Specifically, Deluxe maintains that the DMA Guidelines cannot create a legally enforceable duty which can be used to bootstrap a claim against Deluxe under the MMPA.

The Court grants Graves' Rule 56(d) motion and will allow Graves to conduct discovery relevant to her claims. The Court finds that, at this early stage of litigation, Graves should be permitted to investigate the duty to act ethically and the possible basis of this ethical obligation in the DMA Ethical Guidelines and other areas. Although it would have been preferable for

---

advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation."

[2] 15 CSR 60-8.020 provides:
(1) An unfair practice is any practice which—
(A) Either—
1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
2. Is unethical, oppressive or unscrupulous; and
(B) Presents a risk of, or causes, substantial injury to consumers

Graves to have filed this motion prior to completing briefing on the Motion for Summary Judgment, the Court believes that a greater prejudice would be to rule on the Motion for Summary Judgment at this extremely early stage of litigation.

## II. Motion to Consolidate

Fed.R.Civ.P. 42(a) provides that the Court can consolidate actions "[w]hen actions involving a common question of law or fact are pending before the Court...." Plaintiffs Graves and Catlin (collectively, "Plaintiffs") argue that the *Graves* Action and *Catlin* Action involve common questions of law and fact because all of the violations alleged in the *Graves* Action are also alleged in the *Catlin* Action. (ECF No. 31, ¶5). Plaintiffs anticipate that discovery issues will be the same and that many of the same witnesses will testify in both cases. (ECF No. 31, ¶6). Likewise, Plaintiffs allege that common legal issues exist between the two cases because the MMPA, the ICFA, and the other relevant state consumer statues all outlaw unfair practices. (ECF No. 31, ¶7).

In response, Deluxe contends that Plaintiffs' Motion to Consolidate is premature because Deluxe has not answered the Complaint in the *Catlin* Action. (ECF No. 33 at 3-4). Second, Deluxe argues the Plaintiff's Motion to Consolidate is premature because there is a pending Motion for Summary Judgment in the *Graves* Action which would moot the motion to consolidate. (ECF No. 33 at 4).

Because the Court is denying Deluxe's Motion for Summary Judgment without prejudice and granting Plaintiff's Rule 56(d) motion for discovery, the Court finds that Deluxe's reasons for opposing consolidation of these cases are no longer applicable. The Court, therefore, grants Plaintiff's Motion to Consolidate.

### III. Motion for Summary Judgment

Because the Court is allowing Graves to conduct discovery and because the Court is consolidating the *Graves* and *Catlin* Actions, the Court will deny Deluxe's Motion for Summary Judgment, without prejudice. Deluxe will have an opportunity to refile its Motion for Summary Judgment after Plaintiffs conduct discovery and in accordance with a case management order to be entered by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Deluxe Corporation's Motion for Summary Judgment (ECF No. 10) and Plaintiff's Motion to Strike Declaration of Guy Becker and Incorporated Memorandum in Support (ECF No. 20) are **DENIED** without prejudice. Once Deluxe has answered the *Catlin* Complaint, then the Court will schedule a Rule 16 conference and enter a Case Management Order, which will provide the date when the parties may file dispositive motions, if necessary.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 56(d) Motion and Incorporated Memorandum to Open Discovery, Take the Deposition of Defendant's Compliance Officer George Lawton, and Stay the Court's Ruling on Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**. The Clerk of the Court shall reassign *Calin v. Deluxe Corporation*, 4:15cv522 to this Court for full disposition. The Clerk shall docket a copy of this Memorandum and Order in both the *Catlin* Action and the *Graves* Action.

**IT IS FURTHER ORDERED** that the parties shall file any future filings in the *Graves* Action, which is the lower case number.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Consolidate Cases (ECF No. 31) is **GRANTED**.

Dated this 27th day of April, 2015.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**